**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

In re:

DOMINIQUE GORSLINE,                        Case No. 03-73080
                                                                 Hon Gerald E. Rosen

     Debtor.

                                                                 Bankruptcy Case No. 03-58247
_____/      Hon. Marci B. McIvor

## ORDER OF DISMISSAL

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     March 31, 2006

PRESENT: Honorable Gerald E. Rosen
                         United States District Judge

In an order issued on March 16, 2004, the Court directed Debtor/Appellant Dominique Gambino-Gorsline to show cause why this appeal should not be dismissed for failure to file an appellate brief as required under Bankruptcy Rule 8009(a)(1).[1] In a response filed on March 30, 2004, Debtor stated that she did not wish to file the required brief because, in her view, the statement of issues she had previously filed under Bankruptcy Rule 8006 provided all of the information necessary for this Court to resolve her appeal. Consistent with this assertion, Debtor has never filed the brief called for under Bankruptcy Rule 8009(a)(1).

---

[1] This rule requires the filing of such a brief "within 15 days after entry of the appeal on the docket pursuant to [Bankruptcy] Rule 8007." Bankruptcy Rule 8009(a)(1). In this case, the appeal was entered on the docket on August 22, 2003, and a notice of this entry was issued on February 17, 2004. Accordingly, Debtor's brief on appeal was overdue by the time this Court issued its March 16, 2004 order to show cause.

`2:03-cv-73080-GER Doc # 9 Filed 03/31/06 Pg 2 of 6 Pg ID 21`

Under these circumstances, the Court finds that this appeal is subject to dismissal for lack of prosecution in accordance with the Bankruptcy Rules. See Bankruptcy Rule 8001(a) (providing that an appellant's failure to properly prosecute an appeal "is grounds . . . for such action as the district court . . . deems appropriate, which may include dismissal of the appeal"). Even making allowance for her *pro se* status, Debtor is not at liberty to decide which of the rules she will follow and which are unnecessary to the appropriate prosecution of her appeal. Rather, "*pro se* parties [must] follow the same rules of procedure that govern other litigants." Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994) (internal quotation marks and citations omitted). Where, as here, "a *pro se* litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996). Indeed, in this case, the Court expressly directed Debtor's attention to the applicable rule and deadline and alerted her to the possible dismissal of her appeal, yet Debtor did not attempt to identify any extenuating circumstances that might have justified her lack of compliance — rather, she merely argued that this rule should not apply to her, and then proceeded on the assumption that it did not. This is not the sort of record upon which a court could (or should) relieve a litigant of the consequences of her failure to follow the court's rules and orders.

Nor can the Court accept the proposition advanced by Debtor in support of her attempt to "opt out" of Rule 8009 — namely, that her prior submissions sufficiently served all of the purposes that could be achieved by filing the appellate brief called for

2

under this rule. Debtor's purported substitute for this brief, her single-page statement of issues presented on appeal, simply recounts some — but, as discussed below, not all — of the procedural developments in the Bankruptcy Court, and then proceeds to the perfunctory conclusion that there has been a "miscarriage of justice" in the court below. While the Court recognizes that "a *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers," it nonetheless is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Accordingly, the Court declines Debtor's invitation to sift through the record, identify any possible due process concerns, and then ascertain for itself whether the procedures employed and rulings made by the Bankruptcy Court comported with any and all applicable rules, laws, and constitutional dictates. This was Debtor's responsibility in prosecuting her appeal. See Salter v. Internal Revenue Service (In re Salter), 251 B.R. 689, 691-92 (S.D. Miss.) (dismissing a debtor's *pro se* appeal for lack of compliance with Rule 8009, and finding that none of the debtor's other submissions sufficed as the required brief), aff'd, 234 F.3d 28 (5th Cir. 2000).

      Alternatively, if the Court were to proceed, in accordance with Debtor's stated preference, to decide this appeal on the basis of the statement and information provided by Debtor to date, it would readily conclude that this record does not support the sole challenge advanced in Debtor's limited submissions — namely, that the Bankruptcy Court committed a "miscarriage of justice" by dismissing her Chapter 13 bankruptcy

proceeding. This claim evidently rests on Debtor's contention that she mailed the requisite "Bankruptcy Petition Cover Sheet" to the Bankruptcy Court clerk in compliance with Bankruptcy Rule 1007 and local Administrative Order No. 99-03, but that this submission evidently got lost in the mail. Debtor argues that it was unfair for the Bankruptcy Court to dismiss her case for the court's failure, through no fault of her own, to receive the paperwork she had properly placed in the mail.

The limited record provided by Debtor, however, fails to support her bare assertion that she properly and timely mailed the "Bankruptcy Petition Cover Sheet" to the Bankruptcy Court clerk. While Debtor has provided copies of (i) a certified mail receipt reflecting a delivery to the Bankruptcy Court clerk, and (ii) a declaration that she alleged mailed to the clerk "along with" the required cover sheet, the record notably lacks a copy of the cover sheet itself. Neither does anything else in the record indicate that Debtor sent this required document to the court clerk, much less that the clerk received it.

More importantly, Debtor was expressly advised that the Bankruptcy Court **had not** received this form. Specifically, in a July 17, 2003 order to show cause, issued several days after Debtor allegedly mailed this form, the Bankruptcy Court stated that Debtor had "failed to file the required Bankruptcy Petition Cover Sheet," as she was required to do within 15 days after filing her bankruptcy petition. The Court then directed Debtor to appear at a hearing on July 31, 2003 and show cause why her case should not be dismissed. Plainly, then, Debtor was explicitly alerted that her purported mailing had not been received, and that she faced a dismissal of her case as a result.

Under these circumstances, the prudent course of action would have been to attend the July 31 hearing.  Tellingly, Debtor's submissions to this Court are utterly silent on this subject, leading to the clear inference that she did not appear at this hearing.  Neither does Debtor indicate that she made any other attempt to communicate to the Bankruptcy Court her belief that she had, in fact, filed the required cover sheet.  Rather, so far as appears in the limited record before this Court, Debtor took no action whatsoever in the period between the Bankruptcy Court's July 17 order and the scheduled July 31 hearing.[2]  Presumably, this is why the Bankruptcy Court entered the August 1, 2003 order of dismissal that is the subject of the present appeal.  As Debtor was expressly warned of this possibility, and as she evidently failed to take any action in response, this Court cannot discern any due process violation or legal infirmity whatsoever in the Bankruptcy Court's order of dismissal.

Accordingly, for these reasons,

---

[2]These developments in the court below have a ring of familiarity, as Debtor similarly failed to heed this Court's explicit warning that she faced a possible dismissal if she did not adequately explain her lack of compliance with the pertinent court rules.

NOW, THEREFORE, IT IS HEREBY ORDERED that this appeal be, and hereby is, DISMISSED.

s/Gerald E. Rosen<br>
Gerald E. Rosen<br>
United States District Judge

Dated:  March 31, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 31, 2006, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry<br>
Case Manager